**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 14, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————

No. 03-10178

————

DARREN M LEE, on behalf of himself and those similarly situated,

Plaintiff-Appellant,

versus

AMERICAN AIRLINES INC,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas

Before JONES, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Following the delay and ultimate cancellation of Darren Lee's flight from New York to

London, Lee filed a federal class action complaint against American Airlines, asserting a claim under

Article 19 of the Warsaw Convention.[1] Lee sought to recover damages for delay, inconvenience,

---

[1]Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 29, 1929, 49 Stat. 3000, T.S. No. 876 (1934), *reprinted in* 49 U.S.C. § 40105 (note) (2000) (hereinafter "Warsaw Convention").

assorted expenses, loss of reasonably foreseeable business, loss of prepaid and/or nonrefundable vacation expenses, and loss of a "refreshing, memorable vacation." The district court granted American Airlines partial judgment on the pleadings, pursuant to FED. R. CIV. P. 12(c), as to damages for inconvenience and loss of a refreshing, memorable vacation, reasoning that these allegations amounted to damages for mental injuries, unrecoverable under the Warsaw Convention. The district court subsequently certified this issue for appeal.

On appeal, Lee contends that his damages claims for inconvenience and loss of a refreshing, memorable vacation are economic damages and not claims for mental anguish damages. Specifically, Lee alleges American Airlines inconvenienced him by forcing him to spend time in a terminal without adequate food, water, restroom facilities and information regarding the status of his flight, by forcing him to spend the night in a dirty, substandard and unsafe motel room, and caused him to lose a full day of a memorable refreshing vacation.

We agree with the district court that, as alleged, Lee's so-called inconvenience damages are not easily quantifiable and do not result in real economic loss. These alleged damages are merely an attempted re-characterization of mental anguish damages. Mental injury damages are not recoverable under the Warsaw Convention. *See Eastern Airlines v. Floyd*, 499 U.S. 530 (1991) (finding that Article 17 of the Warsaw Convention does not allow recovery for purely mental injuries because the drafters of the Warsaw Convention did not intend to include such a remedy in the Convention). Accordingly, we AFFIRM the ruling of the district court.